UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
IN RE: GRAND JURY SUBPOENA TO                MEMORANDUM AND ORDER
GOOGLE INC., 1600 AMPHITHEATER
PARKWAY, MOUNTAIN VIEW, CA 94043             17-MC-2875 (JO)
------------------------------------------------------------X

James Orenstein, Magistrate Judge:

The government seeks an order requiring subpoena recipient Google Inc. ("Google") not to notify any person (aside from Google's counsel) of the subpoena's existence for a period of one year. Docket Entry ("DE") 1 ("Application"). For the reasons set forth below, I deny the motion without prejudice to renewal.[1] In short, the government has not made the factual showing necessary to secure the relief it seeks, and it does not explain why non-disclosure is needed for an entire year.

Although I have previously written a similar decision on this issue, *see In re Grand Jury Subpoena to Facebook*, 2016 WL 9274455 (E.D.N.Y. May 12, 2016) ("*Facebook*"), the need to address the subject again arises from two subsequent developments. First, the government continues to rely on insufficient assertions in seeking non-disclosure orders. Second, the government's request for a one-year non-disclosure period appears to reflect a new policy of the Department of Justice, but in a way that conforms to its letter rather than its rationale.

I.      Background

         A.      Authority to Issue Non-Disclosure Orders

The Stored Communications Act, 18 U.S.C. § 2701, *et seq.* (the "SCA"), authorizes a court, under certain defined conditions, to prohibit providers of electronic communications and remote

---

[1] This matter was referred to me upon the recusal of the Duty Magistrate Judge for October 25, 2017, to whom the application was originally addressed. *See* Rules for the Division of Business Among District Judges for the Eastern District of New York 50.5(b).

computing services from notifying others of the existence of various types of government-issued orders compelling the disclosure of records. Specifically:

> The court shall enter such an order *if it determines* that there is reason to believe that notification of the existence of the warrant, subpoena, or court order *will* result in—
>
> (1) endangering the life or physical safety of an individual;
>
> (2) flight from prosecution;
>
> (3) destruction of or tampering with evidence;
>
> (4) intimidation of potential witnesses; or
>
> (5) otherwise seriously jeopardizing an investigation or unduly delaying a trial.

18 U.S.C. § 2705(b) (emphasis added).

      B.      <u>The Government's Application</u>

As the government notes in its application, "Google is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computer service, as defined in 18 U.S.C. § 2711(2)." Application at 1. The government has secured a grand jury subpoena requiring Google to disclose certain records and information, and now seeks an order directing Google not to notify anyone of the subpoena's existence. *See id.*; DE 2-1 (subpoena); DE 2-2 (rider to subpoena identifying pertinent account); 18 U.S.C. §§ 2703, 2705(b)).

In making the factual proffer necessary to support its request for relief, the government writes:

> In this case, such an order would be appropriate because the attached subpoena relates to an ongoing criminal investigation that is neither public nor known to *all* of the targets of the investigation, and there is reason to believe that its disclosure will alert the targets to the ongoing investigation. Specifically, the account listed in the subpoena is *believed* to belong to or being used by an individual who is at large and who does not yet know of *the extent of* the investigation. Accordingly, there is reason to believe that notification of the existence of the attached subpoena will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns

>of behavior, intimidate potential witnesses, or endanger the life or physical safety of an individual. *See* 18 U.S.C. § 2705(b). Some of the evidence in this investigation is stored electronically and can be completely and permanently erased. Some of the evidence in this investigation involves communications that can be transferred to alternate platforms (including encrypted platforms and platforms beyond the jurisdictional reach of U.S. legal process). If alerted to the existence of the subpoena, there is reason to believe that the subjects under investigation will destroy that evidence and change their patterns of behavior.

*Id.* at 1-2 (emphasis added).

II.  Discussion

    A.  The Request for Compelled Non-Disclosure

        1.  The Factual Proffer is Insufficient

In *Facebook*, I denied a series of similar requests where the government relied on nothing more than an assertion that the pertinent subpoenas "relate[d] to an ongoing criminal investigation that [was at the time of the applications] neither public nor known to all of the targets of the investigation." *Facebook*, 2016 WL 9274455, at *2. Such boilerplate pleading did not allow me to find that disclosure of the subpoenas at issue would produce the adverse results the statute is designed to prevent. *Id.* at *4. To its credit, in subsequent applications for similar relief, the government has, as here, added a sentence or two tailored to the facts of the particular application to support its requests for non-disclosure and made other changes that tend to support the factual finding it seeks.

Even with such additions, however, the result is not always sufficient, as this case illustrates. First, the government continues to rely on its earlier formulation that the investigation it seeks to advance through the issuance of a subpoena "is neither public nor known to *all* of the targets of the investigation." Application at 1 (emphasis added). That suggests that there are investigative targets who do know of the investigation's existence. If that is the case, then the risk already exists that such targets will take steps to flee, alter or destroy evidence, or otherwise impede the investigation's

3

progress; at a minimum, I cannot infer that Google's disclosure of the subpoena's existence would create or exacerbate any such risk.

Second, the Application provides no information concerning the person about whom the government seeks to secure information from Google: I know nothing of his or her status as a witness, victim, subject, or target with respect to the investigation; nor does the record reveal whether the person has any relationship with any subject or target that might give him or her an incentive to reveal the subpoena's existence and thereby potentially impede the investigation. Third, while the Application reports that the subject account "is believed" (by some unidentified person) to be held or used by an individual not in custody who lacks full knowledge of the investigation, it provides nothing to shed any light on the basis for that belief. Fourth, even assuming the belief to be well grounded, it is too vague to support the finding the statute requires. The proposition that the account holder or user does not yet know "the extent of the investigation" suggests that that person does know something about it – but whether that knowledge suffices to provide the ability or motivation to take any action that would impede the investigation is impossible to discern. I assume the government's concern is genuine, and that it may well have a sufficient factual basis, but the existing record gives me no way to predict, as I must to grant the requested relief, that Google's disclosure of the subpoena will have any adverse effect on the government's investigation.

      2.      <u>The Proposed Secrecy Requirement is in Tension with a More Specific Rule</u>

As I noted in *Facebook*, an order compelling the recipient of a grand jury subpoena not to disclose the subpoena's existence to any other person is inconsistent with the rule that, with respect to grand jury proceedings, "[n]o obligation of secrecy may be imposed on any person except in accordance with [Federal] Rule [of Criminal Procedure] 6(e)(2)(B)." Fed. R. Crim. P. 6(e)(2)(A); *see Facebook*, 2016 WL 9274455, at *6. Here again, because I conclude that the government's factual

4

showing is insufficient, I need not decide whether that rule is suborned to the non-disclosure provision of the SCA because the latter statute is more authoritative than a procedural rule, or whether instead the specificity of the grand jury rule overcomes the generality of a statutory provision that refers to several different methods for securing information from an entity like Google. *See id.* (citing cases reaching different results on the matter).

In fairness, I must acknowledge that since issuing the decision in *Facebook*, I have on several occasions granted non-disclosure orders pursuant to Section 2705(b) where the government made a sufficient factual showing, without further analysis of the tension between that statute and Rule 6. Such decisions reflect an oversight due to the press of business attendant to the role of Duty Magistrate rather than a tacit decision on the merits. In the future, I will not grant a non-disclosure order under the SCA without giving the government an opportunity to be heard on the issue and then resolving it as best I can.

B. The Duration of the Proposed Non-Disclosure Order

Until very recently, when the government sought non-disclosure orders under the SCA, it would typically avoid placing any temporal limit on the scope of the proposed order – thus effectively imposing a permanent gag on the subpoena recipient where the request was granted. *See Facebook*, 2016 WL 9274455, at *1 (quoting application's request for an order requiring non-disclosure "until further order of the Court"). The instant Application, however, seeks to compel non-disclosure "for a period of one year from the date of the proposed Order." Application at 1. That change appears to reflect a new policy that, "[b]arring exceptional circumstances, [such] applications may only seek to delay notice for one year or less." Memorandum for Heads of Department Law Enforcement Components, *et al.*, from Rod J. Rosenstein, Deputy Attorney Gen., "Policy Regarding Applications for Protective Orders Pursuant to 18 U.S.C. § 2705(b)" at 2 (U.S.

5

Dept. of Justice, Oct. 19, 2017) (available at https://www.justice.gov/criminal-ccips/page/file/1005791/download) (the "Rosenstein Memo").

As the Rosenstein Memo acknowledges, "judges may direct shorter or longer periods for [non-disclosure] order, consistent with the language of § 2705(b)." *Id.* at 3. But while the government plainly understands that determining the duration of non-disclosure is a discretionary matter for the court, it provides no reason for seeking the maximum duration consistent with its new policy. Thus, for example, I have no information as to the anticipated length of the remainder of the investigation to which the subpoena pertains, or whether the government anticipates that any events other than the arrest or trial of any remaining targets will obviate the need for continued secrecy. In addition to hobbling the court's ability to reach a reasoned decision, that lack of information seems inconsistent with the government's own policy. As the Rosenstein Memo makes clear, "[i]n applying for a § 2705(b) order, prosecutors should tailor the application to include the available facts of the specific case and/or concerns attendant to the particular type of investigation." *Id.* at 2. Accordingly, should the government renew its application, I respectfully direct it to include an explanation of the need for the proposed duration of the non-disclosure order it seeks.

    C.    <u>The Duration of the Proposed Sealing Order</u>

In addition to imposing a duty of secrecy on Google, the government seeks to seal its application and proposed order on the court docket – again, indefinitely. Application at 2 (requesting "that this application and any resulting order be sealed until further order of the Court"). As the government explains:

> these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation

*Id.* at 2-3.

6

I disagree with both the government's premise and its conclusion. First, the Application itself (as opposed the subpoena, which identifies the account for which the government seeks information), includes literally nothing from which even the most perceptive reader could glean any information about the nature, scope, or status of the government's investigation. Likewise, both the government's proposed order and this memorandum decision are entirely devoid of anything that might tip off a person interested in impeding the investigation. Thus, as long as the subpoena itself is properly redacted, there is no reason to seal the remainder of the documents in this matter from public scrutiny.

Second, even if I agreed with the proposition that disclosing the Application and proposed order now might harm the investigation, there is certainly no reason to impose a permanent seal on those documents. By its own terms, the Application suggests that a point will come – perhaps in a year, perhaps later or sooner – at which those who would have the incentive to use the information in the documents to impede the government's investigation will no longer have the ability to do so. When that point is reached, there will no longer be any reason at all to keep the application under seal.[2] Thus, the government's Application establishes no more than that that any documents that might undermine the investigation if disclosed should remain under seal only so long as Google is compelled to remain silent about the subpoena's existence.

---

[2] To be sure, if the documents in this matter are viewed as grand jury materials, it would be appropriate as a matter of both law and policy to maintain an indefinite seal on the documents filed on the docket, regardless of Google's discretion to disseminate the subpoena at some point. *See* Fed. R. Crim. P. 6(e)(6) ("Records, orders, and subpoenas relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury."); *Douglas Oil Co. of California v. Petrol Stops Nw.*, 441 U.S. 211, 218-19 (1979) (describing "several distinct interests served by safeguarding the confidentiality of grand jury proceedings"). But the government predicates its request on a theory that avoids application of the rules usually attendant to grand jury proceedings – and in particular, the prohibition in Rule 6 against imposing on a grand jury witness any nondisclosure obligation.

7

There is a legitimate role for secrecy in the resolution of requests for judicial relief, and nowhere more obviously so than in the context of continuing criminal investigations. But even in that context, the need for secrecy is limited, and its overuse threatens the equally important interest of public scrutiny of government functions. "A court's inherent power to supervise its own records does not include the power to undermine the source of its own legitimacy. Transparency is the *sine qua non* of the common-law tradition we have inherited; without it, the snakes come." Stephen Wm. Smith, *Kudzu in the Courthouse: Judgments Made in the Shade*, 3 Fed. Cts. L. Rev. 177, 215 (2009).

Because only a limited amount of protection is needed to safeguard the government's legitimate interest in the secrecy and integrity of its investigation, I grant the government's request for sealing only in part. Specifically, I will direct the sealing of the subpoena itself for a period of 90 days (renewable upon a showing of need), but in all respects I deny the request for sealing.[3]

III.   Conclusion

For the reasons set forth above, the government's request for a non-disclosure order is denied without prejudice to renewal upon a showing of facts sufficient both to establish the need for secrecy and the proposed duration of the order. I respectfully direct the Clerk to seal the copy of the subject subpoena attached to the government's application (docket entries 2-1 and 2-2) until January 26, 2018, subject to a 90-day extension upon a showing of continuing need.

SO ORDERED.

Dated: Brooklyn, New York
October 26, 2017

                                                               /s/
                                               James Orenstein
                                             U.S. Magistrate Judge

---

[3] I further respectfully request that in all future sealing requests, the government submit proposed orders with a similar temporal limitation absent a showing of need to do otherwise.

8