

FILED
CLERK

2017 NOV 29 AM 11: 40

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

AL:MTK
F. #2017R01904

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

November 15, 2017

By Hand and ECF

The Honorable James Orenstein
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    In re Grand Jury Subpoena
               Docket No. 17-MC-2875

Dear Judge Orenstein:

      The government respectfully submits this letter to provide the Court with legal authority relating to the above-captioned application seeking an order from the Court, pursuant to 18 U.S.C. § 2705(b), directing Google Inc. not to disclose the existence of a grand jury subpoena (the "Application").

I.    Background

      The Application was presented to Your Honor on October 26, 2017 following Magistrate Judge Bulsara's recusal from the matter.[1] In a Memorandum and Order denying the application, the Court raised concerns regarding, among other things, the tension between the provisions of 18 U.S.C. § 2705(b) and Federal Rule of Criminal Procedure 6. See Memorandum and Order dated October 26, 2017, ECF No. 3, at pp. 4-5. Specifically, the Court inquired whether Rule 6(e)(2)(A)'s prohibition against secrecy is:

---

[1]    In conjunction with this letter, the government submits a renewed application for non-disclosure pursuant to 18 U.S.C. § 2705(b). In this renewed application the government addresses the additional bases identified by the Court for its denial of the Application. Specifically, the renewed application provides (1) a more robust factual proffer regarding the need for non-disclosure; (2) the rationale behind the government's request for a ninety-day period of non-disclosure; and (3) the rationale behind the government's request that the application and order be sealed for a period of ninety days.

> suborned to the non-disclosure provision of [18 U.S.C. § 2705(b)] because the latter statute is more authoritative than a procedural rule, or whether instead the specificity of the grand jury rule overcomes the generality of a statutory provision that refers to several different methods for securing information from an entity like Google.

<u>Id.</u> For the reasons set forth below, this Court has the legal authority to impose non-disclosure requirements on a federal grand jury witness.

II. <u>Legal Authority</u>

The relevant provisions of Section 2705 take precedence over Rule 6(e) for three reasons. First, a basic principle of statutory construction is that "later enacted statutes take priority over older ones." <u>Kolev v. Euromotors West/The Auto Gallery</u>, 658 F.3d 1024, 1029 (9th Cir. 2011); <u>Jackson v. Stinnett</u>, 102 F.3d 132, 135 (5th Cir. 1996) ("a statute passed after the effective date of a federal rule repeals the rule to the extent that it actually conflicts"). Section 2705(b)[2] was enacted in 1986, whereas the "no obligation of secrecy" component of Rule 6(e)

---

[2] Section 2705(b) provides that:

A governmental entity acting under section 2703, when it is not required to notify the subscriber or customer under section 2703(b)(1), or to the extent that it may delay such notice pursuant to subsection (a) of this section, may apply to a court for an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order. The court shall enter such an order if it determines that there is reason to believe that notification of the existence of the warrant, subpoena, or court order will result in—

    (1) endangering the life or physical safety of an individual;
    (2) flight from prosecution;
    (3) destruction of or tampering with evidence;
    (4) intimidation of potential witnesses; or
    (5) otherwise seriously jeopardizing an investigation or unduly
        delaying a trial.

18 U.S.C. § 2705(b).

dates to the adoption of the Federal Rules of Criminal Procedure in 1944. See Electronic Communications Privacy Act of 1986 § 201, Pub. L. No. 99-508, 100 Stat. 1984 (1986) (enacting § 2705(b)); Advisory Committee Notes on Fed. Rule Crim. Proc. 6, 1944 Adoption Note ("The rule does not impose any obligation of secrecy on witnesses."); United States v. Proctor & Gamble Co., 356 U.S. 677, 681 n.5 (1958) (quoting Rule 6(e) as stating, "No obligation of secrecy may be imposed on any person except in accordance with this rule.").

Second, Section 2705(b) takes precedence because it is more specific than Rule 6(e)(2), and "a more specific statute will be given precedence over a more general one." Corley v. United States, 556 U.S. 303, 129 S. Ct. 1558, 1568 (2009). Rule 6(e)(2) is applicable to grand jury subpoenas in general, whereas Section 2705(b) applies only to one specific and limited class of grand jury subpoenas: grand jury subpoenas issued to providers of electronic communication service or remote computing service for records or information pertaining to their customers and subscribers, where a court finds reason to believe that notification of the existence of the subpoenas will result in a specified adverse result.

Third, Section 2705(b) takes precedence over Rule 6(e)(2) because under the Rules Enabling Act, a procedural rule such as Rule 6(e) "shall be consistent with Acts of Congress." 28 U.S.C. § 2071(a). Cf. Gerritsen v. Escobar y Cordova, 688 F. Supp. 556 (C.D. Cal. 1988) (stating that under 28 U.S.C. § 2071, local rules "must not impede the policies behind [Acts of Congress] as well as avoiding outright contradiction"); see also Local Union No. 38, Sheet Metal Workers' Intern. Ass'n, AFL-CIO v. Custom Air Systems, Inc., 333 F.3d 345, 348 (2d Cir. 2003) ("[A] statute enacted subsequently to a rule promulgated under the [Rules Enabling] Act, however, trumps the rule."). Moreover, this result is consistent with more general constitutional principles. Under the Constitution, "Congress has undoubted power to regulate the practice and procedure of federal courts." Sibbach v. Wilson & Co., 312 U.S. 1, 9 (1941). Although Congress has delegated some rulemaking authority to the Judicial Branch through the Rules Enabling Act, see Mistretta v. United States, 488 U.S. 361, 388 (1989), Congress retains its authority to regulate court practice, including the authority to impose secrecy requirements beyond what Rule 6(e) contemplated.

Here, there is a facial contradiction between Rule 6(e)(2)'s general prohibition on placing non-disclosure obligations on grand jury witnesses and the government's statutory ability to seek judicial authorization to impose such non-disclosure obligations in certain instances under Section 2705(b). The case law cited above, coupled with the black letter tenets of statutory construction, make clear that Congress can, through its specific legislative acts, limit or otherwise set aside the general rules regarding grand jury secrecy in Rule 6(e)(2). To determine otherwise would call into question not only the non-disclosure provisions set forth in Section 2705(b), but also, for instance, non-disclosure provisions set forth in Sections 943 and 962 of the Financial Institutions Reform, Recovery and Enforcement Act of 1989 and Section 1532 of the Annunzio-Wyle Anti-Money Laundering Act of 1992. See 12 U.S.C. § 3420(b) and 18 U.S.C. § 1510(b). Moreover, it would create the practical effect that the only means by which Congress could enact changes to grand jury secrecy provisions would be through amendments to Rule

3

6(e), rather than through legislation. That result would assume Congress engaged in a wholesale abdication of its power through the rulemaking process, which simply did not occur.

        For all of the foregoing reasons, the Court has the authority to issue non-disclosure orders pursuant to 18 U.S.C. § 2705(b).

Respectfully submitted,

BRIDGET M. ROHDE
Acting United States Attorney

By:    /s/
Michael T. Keilty
Assistant U.S. Attorney
(718) 254-7528

cc: Clerk of the Court (via ECF)