EAG:AL:MTK
F.# 2017R01904

FILED
CLERK

2017 NOV 29 AM 11: 40

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

IN RE: GRAND JURY SUBPOENA TO GOOGLE INC.
1600 AMPHITHEATER PARKWAY
MOUNTAIN VIEW, CA 94043

**Application for Non-Disclosure Order Pursuant to 18 U.S.C. § 2705(b)**

No. 17 MC 2875

## APPLICATION FOR ORDER COMMANDING GOOGLE INC. NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF SUBPOENA

On October 26, 2017, the Court denied the United States' application for a non-disclosure order in this matter. See ECF No. 3. The Court's denial was without prejudice to renew the application. Accordingly, the United States now renews its application and requests that the Court order Google Inc. (hereinafter "Google") not to notify any person (including the subscriber(s) and customer(s) of the account listed in the subpoena) of the existence of the subpoena attached to the proposed Order submitted herewith for a period of ninety days from the date of the proposed Order.[1]

Google is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computer service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the attached subpoena, which requires it to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic

---

[1] The government delivered its renewed application to the Court by hand on November 15, 2017. On November 28, 2017, the Court requested that the government file it's renewed application on ECF. This renewed application is identical to the version delivered to the Court on November 15, 2017, except that the dates listed in the attached Grand Jury Subpoena are updated and the request to seal the application and accompanying order (with the exception of the Grand Jury subpoena) is withdrawn.

communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." Id.

In this case, such an order would be appropriate because there is reason to believe that disclosure of the attached subpoena would alert the individual under investigation (the "Target") to the ongoing investigation. Specifically, the Target is using the account listed in the subpoena to further criminal activity. Google has informed the government that when it receives a subpoena for information about a user's account, it is Google's policy to notify the user before information is disclosed, unless such notice is prohibited by law, including a court order prohibiting such disclosure. The Target is currently at large, the ongoing criminal investigation of the Target and the Target's co-conspirators is not public, and the Target and the Target's co-conspirators are not aware that they are under investigation. Accordingly, there is reason to believe that notification of the existence of the attached subpoena would seriously jeopardize the investigation, including by giving the Target an opportunity to flee from prosecution, destroy or tamper with evidence, and change patterns of behavior. See 18 U.S.C. § 2705(b).

The United States therefore respectfully requests that Google not disclose the existence or content of this subpoena for a period of ninety days from the date of the proposed Order. This investigation is in its nascent stage and is expected to last in a covert manner for several more months.

WHEREFORE, the United States respectfully requests that the Court enter the proposed Order directing Google not to disclose the existence or content of the subpoena attached to the proposed Order for a period of ninety days from the date of the proposed Order,

2

except that Google may disclose the subpoena to an attorney for Google for the purpose of receiving legal advice.

WHEREFORE, the United States further requests that the subpoena attached to the application and the proposed Order be sealed indefinitely because it is a grand jury subpoena, which is subject to sealing under Rule 6(e)(6) of the Federal Rules of Criminal Procedure. See Fed. R. Crim. Pro. 6(e)(6) ("Records, orders, and subpoenas relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury."); United States v. Haller, 837 F.2d 84, 87-88 (2d Cir. 1988) (sealing is appropriate to maintain grand jury secrecy).

Dated: Brooklyn, New York
       November 29, 2017

                                    BRIDGET M. ROHDE
                                    Acting United States Attorney
                                    Eastern District of New York

                     By: /s/
                                    Michael T. Keilty
                                    Assistant United States Attorney
                                    718-254-7528

EAG:AL:MTK
F.# 2017R01904

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
CLERK

2017 NOV 29  AM 11: 40

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

| IN RE: GRAND JURY SUBPOENA TO GOOGLE INC.'<br>1600 AMPHITHEATER PARKWAY<br>MOUNTAIN VIEW, CA 94043 | No. 17 MC 2875 |
|---|---|

**ORDER**

The United States has submitted an application pursuant to 18 U.S.C. § 2705(b), requesting that the Court issue an Order commanding Google Inc., an electronic communication service provider and/or a remote computing service, not to notify any person (including the subscribers and customers of the account listed in the subpoena) of the existence of the attached subpoena for a period of ninety days from the date of this Order.

The Court determines that there is reason to believe that notification of the existence of the attached subpoena will seriously jeopardize the investigation or unduly delay a trial, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior. See 18 U.S.C. § 2705(b).

IT IS THEREFORE ORDERED under 18 U.S.C. § 2705(b) that Google Inc. shall not disclose the existence of the attached subpoena, or this Order of the Court, to the listed subscriber or to any other person for a period of ninety days from the date of this Order, except

that Google Inc. may disclose the attached subpoena to an attorney for Google Inc. for the purpose of receiving legal advice.

Dated: Brooklyn, New York
      November 29, 2017

                                                    The Honorable James Orenstein
                                                    United States Magistrate Judge